# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
|     Plaintiff, | : Case No. _____ |
| | : |
| v. | : <u>JURY TRIAL DEMANDED</u> |
| | : |
| VINE ENERGY INC., ERIC MARSH, ANGELO ACCONCIA, H. PAULETT EBERHART, DAVID FOLEY, JOHN H. LEE, and CHARLES M. SLEDGE, | : <u>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934</u> |
| | : |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On August 10, 2021, Vine Energy, Inc. ("Vine" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Chesapeake Energy Corporation ("Parent"), Hannibal Merger Sub, Inc. ("Merger Sub Inc."), Hannibal Merger Sub, LLC ("Merger Sub LLC"), and Vine Energy Holdings LLC ("Holdings") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Vine's stockholders will receive $1.20 in cash and 0.2486 shares of Parent common stock for each share of Vine common stock they own.

3. On October 1, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Vine common stock.

9. Defendant Vine is a Delaware corporation. Vine's common stock is traded on the New York Stock Exchange under the ticker symbol "VEI."

10. Defendant Eric Marsh is Chief Executive Officer and Chairman of the Board of Directors of Vine (the "Board").

11. Defendant Angelo Acconcia is a member of the Board.

12. Defendant H. Paulett Eberhart is a member of the Board.

13. Defendant David Foley is a member of the Board.

14. Defendant John H. Lee is a member of the Board.

15. Defendant Charles M. Sledge is a member of the Board.

16. Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual

Defendants."

## SUBSTANTIVE ALLEGATIONS

17. Vine is an energy company focused on the development of natural gas properties in the stacked Haynesville and Mid-Bossier shale plays in the Haynesville Basin of Northwest Louisiana.

18. On August 10, 2021, Vine's Board caused the Company to enter into the Merger Agreement.

19. The press release announcing the Proposed Merger provides as follows:

Chesapeake Energy Corporation (NASDAQ:CHK) ("Chesapeake") and Vine Energy Inc. (NYSE:VEI) ("Vine") today announced that they have entered into a definitive agreement pursuant to which Chesapeake will acquire Vine, an energy company focused on the development of natural gas properties in the over-pressured stacked Haynesville and Mid-Bossier shale plays in Northwest Louisiana. The acquisition is a zero premium transaction valued at approximately $2.2 billion, based on a 30-day average exchange ratio as of Tuesday's close, equating to $15.00 per share.

Transaction highlights include:

- Vine shareholders will receive fixed consideration of 0.2486 shares of Chesapeake common stock plus $1.20 cash per share of Vine common stock, for total consideration of $15.00 per share, comprising of 92% stock and 8% cash

- Increases Chesapeake's cumulative five-year free cash flow(1) outlook by approximately $1.5 billion, or 68% of the transaction value, to approximately $6.0 billion, or 66% of pro forma enterprise value

- Immediately accretive to operating cash flow per share, free cash flow(1) per share, free cash flow yield(1), and GHG emissions profile

- 2022 pro forma net debt-to-EBITDAX(1) ratio of 0.6x, preserves Chesapeake's balance sheet strength

- Approximately $50 million in average annual savings expected from operating and capital synergies

- Expected to increase base dividend by 27% to $1.75 per share post close reflecting cash flow accretion of transaction, subject to Board approval

- Vine position consolidates Haynesville/Bossier adding approximately 370 premium 50% rate of return drilling locations at $2.50 NYMEX gas price

- Lowers Chesapeake's pro forma total gathering, processing and transportation (GP&T) expense by approximately 15% and diversifies the company's midstream partnerships

*(1)  Non-GAAP financial measures defined below.*

Mike Wichterich, Chesapeake's Board Chairman and Interim Chief Executive Officer, commented, "This transaction strengthens Chesapeake's competitive position, meaningfully increasing our free cash flow outlook and deepening our inventory of premium gas locations, while preserving the strength of our balance sheet. By consolidating the Haynesville, Chesapeake has the scale and operating expertise to quickly become the dominant supplier of responsibly sourced gas to premium markets in the Gulf Coast and abroad."

Eric Marsh, Vine's Chairman, President, and Chief Executive Officer said, "We firmly believe that the quality of our assets, combined with the scale, depth and diversity of Chesapeake's portfolio, and our shared unwavering commitment to ESG excellence, provides significant opportunity to accelerate the return of capital to our combined shareholders."

David Foley, Global Head of Blackstone Energy Partners added, "We believe in the benefits of consolidation. Blackstone looks forward to being a Chesapeake shareholder and participating fully in the significant value creation potential that will be unlocked by the combined company."

**Transaction Details**

Under the terms of the merger agreement, which was unanimously approved by the Board of Directors of each company, Vine shareholders will receive a fixed exchange ratio of 0.2486 Chesapeake shares of common stock and $1.20 of cash for each share of Vine common stock owned. Upon closing, Chesapeake shareholders will own approximately 86% and Vine shareholders will own approximately 14% of the fully diluted shares of the combined company.

The transaction, which is subject to customary closing conditions, including certain regulatory approvals, and the approval of Vine shareholders, is expected to close in the fourth quarter of 2021. Funds managed by The Blackstone Group Inc. own approximately 70% of outstanding shares of Vine common stock and have entered into a support agreement to vote in favor of the transaction.

**Advisors**

J.P. Morgan Securities LLC is serving as financial advisor, Latham & Watkins LLP and Richards Layton & Finger are serving as legal advisor, and DrivePath Advisors is serving as communications advisor to Chesapeake. Citi is serving as lead financial advisor and Kirkland & Ellis LLP is serving as legal advisor to Vine. Weil, Gotshal & Manges LLP is serving as legal advisors to Blackstone. Houlihan Lokey also served as a financial advisor to the Vine Board of Directors.

20. On October 1, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

21. The 424B3 fails to disclose material information regarding Vine's and Chesapeake's financial projections, specifically: the line items used to calculate the financial projections.

22. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

23. The 424B3 fails to disclose material information regarding the financial analyses conducted by Houlihan Lokey Capital, Inc. ("Houlihan"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24. Regarding Houlihan's Selected Companies Analyses of Vine Energy and Chesapeake, the 424B3 fails to disclose the individual multiples for the companies.

25. Regarding Houlihan's Selected Transactions Analyses of Vine Energy and Chesapeake, the 424B3 fails to disclose the individual multiples for the transactions.

26. Regarding Houlihan's Discounted Cash Flow Analyses of Vine Energy and Chesapeake, the 424B3 fails to disclose: (i) projected cash flows and the underlying line items; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates; (iv) the basis for selecting the multiples ranges; and (v) net debt.

27. Regarding Houlihan's Implied Premiums Paid in Selected Transactions analysis, the 424B3 fails to disclose: (i) the transactions; and (ii) the premiums paid in the transactions.

<u>Banker Engagement</u>

28. The 424B3 fails to disclose the amount of compensation Houlihan received for the prior services it provided to the parties to the Merger Agreement and/or their affiliates.

**COUNT I**

**Claim Against the Individual Defendants and Vine for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

29. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

30. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

31. Vine is liable as the issuer of these statements.

32. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

33. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

34. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

36. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

37. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

38. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Vine within the meaning of Section 20(a) of the Exchange Act as alleged herein.

41. Due to their positions as officers and/or directors of Vine and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42.     Each of the Individual Defendants was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

44.     The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the 424B3.

45.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

46.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

47.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

48.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.     In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

    C.    Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

    D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

    E.    Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

    F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: October 15, 2021

**GRABAR LAW OFFICE**

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*